NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Larry Johnson,<br><br>                    Petitioner,<br><br>          v.<br><br>J.T. Shartle, Warden,<br><br>                    Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 15-1100(RMB)<br><br><br>**OPINION** |

**BUMB**, District Judge

     This matter comes before the Court upon Petitioner's

submission of a petition under 28 U.S.C. § 2241, which was

unaccompanied by the $5.00 filing fee or an in forma pauperis

(IFP) application.  See Doc. No. 1 ("Petition").  Petitioner is

a federal inmate confined at the Federal Correctional

Institution in Fairton, New Jersey, imprisoned upon conviction

by a jury in the U.S. District Court for the Eastern District of

Pennsylvania on March 26, 1996.  (Pet. ¶¶ 2, 4.)  Specifically,

Petitioner was sentenced to a total of 1411 months on August 12,

1996, for conspiracy to commit armed carjacking in violation of

18 U.S.C. § 371 (Count 1); carrying a firearm during a violent

crime and aiding and abetting in violation of 18 U.S.C. § 2, and

§ 924(c)(1) (Count 5); motor vehicle theft-carjacking and aiding

and abetting in violation of 18 U.S.C. § 2, and § 2119 (Counts

2, 4, 6, 8, 10, 12 and 14); carrying a firearm during a violent

crime and aiding and abetting in violation of 18 U.S.C. § 2, and

§ 924(c)(1); (Counts 7, 9, 11, 13, 15).  Johnson v. Winn, No.

CV-12-0881-TUC-DTF, 2013 WL 5530899, at *1 (D.Az. Oct. 7, 2013).[1]

Petitioner filed a direct appeal, and on July 29, 1997, the

Third Circuit Court of Appeals affirmed.  U.S. v. Johnson, No.

96-1762 (3d Cir. July 29, 1997).

    After his direct appeal, Petitioner filed a motion under 28

U.S.C. § 2255 in February 2000, and the motion was denied on

August 4, 2000.  (Brief and Mem. in Supp. of Pet. For Writ of

Habeas Corpus By A Person In Federal Custody Pursuant to 28 USC

§ 2241 ("Petr's Brief") at 4, Doc. No. 1.)  More than five years

later, on February 16, 2006, Petitioner sought permission from

the Third Circuit to file a second or successive application for

relief under § 2255.  Order, In Re Larry Johnson, 06-1502 (3d

Cir. March 31, 2006)(available at www.pacer.gov).  The petition

was denied because Petitioner did not allege any newly

discovered evidence, and his reliance on United States v.

---

[1] The Court takes judicial notice of Petitioner's previously
filed § 2241 petitions.  See Pahutski v. Kirby, Civ. Action No.
14-270J, 2015 WL 4566939 (W.D. Pa. Jan. 9, 2015)(taking judicial
notice of court records, dockets, and opinions pursuant to Rule
4 of the Rules Governing Section 2254 Cases, as applicable to §
2241 under Rule 1(b)).

Booker, 543 U.S. 220 (2005) was misplaced because it was not retroactive and could not be the basis for a second or successive § 2255 motion.  Id.

Approximately five years after his unsuccessful petition for permission to file a second or success §2255 motion, Petitioner filed a § 2241 petition in the District of Arizona, alleging his sentence was unconstitutional "on double jeopardy grounds and ex post facto."  Order, Johnson v. Apker, 11-71-TUC-FRZ(HCE) (D. Az. Feb. 23, 2011)(available at www.pacer.gov). The Court dismissed for lack of jurisdiction, finding Petitioner could not bring his claims under § 2241 because these claims arose before his direct appeal, and the law had not changed in any way relevant to Petitioner's claim.  Id.

Petitioner filed a second § 2241 petition in the District of Arizona in 2012, alleging the BOP failed in its duty to refer a sentence discrepancy to the United States Attorney for correction.  Order, Johnson v. Winn, No. CV-12-0881-TUC-DTF (D. Az. Oct. 7, 2013).  Petitioner contended he should have been indicted and sentenced under the criminal statutes in effect at the time of the offenses, but the law was amended thereafter and he was improperly charged and sentenced under the amended statutes.  Id.  The court found the claim should have been brought under § 2255 because it was really a challenge to

3

Petitioner's conviction and sentence, not to the BOP's execution of the sentence.  Id.

The court also found that the savings clause of § 2255, which would allow Petitioner to bring the claim under § 2241, was inapplicable.  Id.  Arguably, Petitioner was claiming that he was actually innocent of certain charges because they were not applicable at the time of his crimes.  Id.  Even if this were true, the court found Petitioner could not satisfy the requirement that the legal basis for his claim arose after the time for direct appeal and for a first § 2255 motion.  Id. Petitioner's argument was based on statutory amendments that occurred in late 1994, prior to his 1996 sentencing.  Id. Therefore, he could have brought the claim upon sentencing or direct appeal.  Id.

Petitioner tried a new tactic when he filed another § 2241 in the District of Arizona in 2014.  Order, Johnson v. Winn, CV 14-1976-TUC-FRZ (BGM) (D. Az. Dec. 30, 2014).  Petitioner alleged § 2255 provided an inadequate or ineffective remedy for his claim because he was barred from bringing a successive § 2255 petition, although he was actually innocent.  Id.  Although he alleged innocence as the reason to allow him to proceed under § 2241, Petitioner raised many issues related to the history of the carjacking statute and the practice of charging additional counts for carrying a firearm under 18 U.S.C. § 924(c),

4

enhancing the sentence for carjacking.  Petitioner repeated these claims in his memorandum in support of the petition at bar.  See Amended Petition, Johnson v. Winn, CV 14-1976-TUC-FRZ (BGM) (D. Az. July 28, 2014)(available at www.pacer.gov); (Petr's Brief).  The District Court of Arizona denied the petition because the savings clause of § 2255 applied only to claims of factual innocence of the crime of conviction, and not to the validity of a sentencing enhancement.  Id.

In the Petition at bar, Petitioner asserts:

> Petitioner's custody conviction of 18 USC §924(c)(1),2 Carrying A Firearm During A Violent Crime Aiding and Abetting is in violation of both the United States Constitution, and Law of Federal Statute, to wit:  for the same criminal event, and Petitioner is actually innocent of these later custody convictions.

(Petr's Brief at 2.)

Petitioner cites Jones v. United States, 526 U.S. 227 (1999), asserting that all of his sentencing offenses should have been grouped as a "'Crime Spree of Armed Carjacking' which strikes the use of the applications of 18 USC §924(c) in conjunction with 18 U.S.C. §2119."  (Id.)  Petitioner further contends he is innocent of 18 U.S.C. § 924(c)(1).  (Id.) Petitioner asks for appointment of counsel and for a hearing but neither is appropriate here because Petitioner has adequately

5

presented his claims, and the Court finds that it lacks
jurisdiction over the petition.

Petitioner's attack on his sentence is not cognizable under
§ 2241.  A federal prisoner may challenge the legality of his
conviction or sentence, once the conviction is final, only
through a motion filed pursuant to 28 U.S.C. § 2255.  Okereke v.
U.S., 307 F.3d 117, 120 (3d Cir. 2002).  Petitioner is correct
that § 2255 contains a savings clause, but it is a rare case
when the savings clause applies because a § 2255 motion is
inadequate or ineffective to test the legality of a petitioner's
conviction.  28 U.S.C. § 2255(e); Massey v. U.S., 581 F.3d 172,
174, n.1 (3d Cir. 2009)(appropriate use of the § 2255 savings
clause is rare).  Section 2255 is not inadequate or ineffective
merely because a petitioner is precluded by the prohibition on
second or successive petitions from bringing a new claim under §
2255.  Alexander v. Williamson, 324 F. App'x 149, 151 (3d Cir.
2009)(quoting Cradle v. U.S. ex rel Miner, 290 F.3d 536, 538-39
(3d Cir. 2002)(per curiam)).

A § 2255 motion is inadequate or ineffective "only if it
can be shown that some limitation of scope or procedure would
prevent a section 2255 proceeding from affording the prisoner a
full hearing and adjudication of his claim of wrongful
detention."  United States v. Brooks, 230 F.3d 643, 648 (3d Cir.
2000)(quoting Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir.

6

1954)(internal quotation marks omitted).  In this context,
"wrongful detention" means that (a) the petitioner "is being
detained for conduct that has subsequently been rendered non-
criminal by an intervening Supreme Court decision"; and (b) the
petitioner is barred from filing a § 2255 petition.  In re
Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Here, Petitioner's carjacking and firearms offenses are
still criminal offenses.  See Jones v. Copenhaver, No. 1:14-cv-
00626-JLT, 2014 WL 1884221, at *3 (E.D. Ca. May 12,
2014)(denying petitioner's claim that he was actually innocent
of carjacking and gun use charges).  The Supreme Court in Jones,
cited by Petitioner, determined only that 18 U.S.C. § 2119
established three separate offenses, each element of which must
be charged by indictment, proven beyond a reasonable doubt, and
submitted to a jury.   Jones, 526 U.S. at 252.  The separate
offenses were defined in the three subsections of the statute,
and revolved around whether the carjacking resulted in either
serious bodily injury or death, not whether a firearm was used.
Id. at 230-31.

The Supreme Court in Jones did not, as Petitioner
contends, strike the use of § 924(c) with § 2119.  Here,
Petitioner claims he was improperly charged, thus innocent of
charges brought pursuant to 18 U.S.C. § 924(c).  Compare Jones,
526 U.S. at 254 (Kennedy, J., Rehnquist, C.J., O'Connor, J., and

Breyer, J., dissenting)("[t]he question presented is whether the federal carjacking statute, prohibiting the taking of a motor vehicle from the person or presence of another by force and violence or by intimidation, contains in the first paragraph a complete definition of the offense, with all of the elements of the crime Congress intended to codify"); and U.S. v. Mohammed, 27 F.3d 815, 821 (2d Cir. 1994)(noting that if Congress intended to preclude the use of § 924(c) in carjacking prosecutions, it could have explicitly done so) cert. denied, 513 U.S. 975 (1994).  Thus, Jones is inapposite.  Petitioner has not cited a Supreme Court case that rendered him innocent of his crimes of conviction.  In light of the foregoing, the Court lacks jurisdiction over the petition under § 2241.[2]

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**

Dated:  February 25, 2015

---

[2] Petitioner will be directed to pay his $5 filing fee or submit his in forma pauperis application.  See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009)(citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)(the prisoner's legal obligation to pay the filing fee or obtain in forma pauperis status is automatically incurred by the very act of raising a legal claim).